UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARIANNE PIZZITOLA

                                      Plaintiff,

               -against-

THE CITY OF NEW YORK FIRE DEPARTMENT,
CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES, NICHOLAS SCOPPETTA, FRANK
CRUTHERS, ROBERT MCCRACKEN, JERRY
GOMBO AND JAMES BASILE,

                                   Defendants.

------------------------------------------------------------------------ x

**ANSWER**

04 Civ. 4801 (ILG)(CLP)

           Defendants City of New York Fire Department, New York City Department of Citywide Administrative Services, Nicholas Scoppetta, Frank Cruthers, Robert McCracken, Jerry Gombo and James Basile by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action pursuant to the rules set forth therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff is a person and a citizen, and was an employee.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that MetroTech Center is the principal place of business of the FDNY.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that DCAS is a City agency.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Nicholas Scoppetta is the Fire Commissioner.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Robert McCracken was Chief of EMS Operations.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Jerry Gombo is Assistant Chief of EMS Operations.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that James Basile was an EMS Division Commander.

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Admit the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Admit the allegations set forth in paragraph "17" of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff reinjured her ankle in July,1999.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Admit the allegation set forth in paragraph "19" of the complaint, except deny knowledge or information sufficient to determine exactly when plaintiff began working for Chief Basile.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

2

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff contacted Chief Martin.

39. Deny the allegations contained in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit that Chief Martin suggested a meeting in or about April, 2001.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that a meeting took place.

43. Deny the allegations set forth in paragraph "43" of the complaint, except admit that Chief Basile expressed complaints about plaintiff's work performance.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint, except admit that plaintiff contacted Chief Gombo who tried to assist her.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that plaintiff contacted the EEO office.

48. Deny the allegations contained in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that Basile was informed that plaintiff met with Commissioner Yee.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Admit the allegations set forth in paragraph "56" of the complaint, except deny that Chief Gombo was no longer offering to help the plaintiff.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Admit the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that plaintiff was transferred to Metrotech Center.

60. Admit the allegations contained in paragraph "60' of the complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the complaint.

62. Admit the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Admit the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint, except admit that mediation was attempted.

67. Deny the allegations set forth in paragraph "67" of the complaint, except admit that plaintiff had surgery in November, 2002 and was observed limping.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint, except admit that plaintiff requested a parking space as an accommodation.

71. Admit the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint, except admit that the denial was upheld on appeal.

75. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Admit the allegations set forth in paragraph "77" of the complaint.

78. Admit the allegations set forth in paragraph "78" of the complaint.

79. Admit the allegations set forth in paragraph "79" of the complaint

80. Admit the allegations set forth in paragraph "80" of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint, except admit that a complaint has been served on the Corporation Counsel.

82. Admit the allegations contained in paragraph "82" of the complaint.

83. Defendants repeat and reallege their responses to paragraphs "1" through"82", inclusive, of the complaint, as if set forth fully herein.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Defendants repeat and reallege their responses to paragraphs "1" through "87" of the complaint, inclusive, as if set forth fully herein.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Defendants repeat and reallege their responses to paragraphs "1" through "92" of the complaint, inclusive, as if set forth fully herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Defendants repeat and reallege their responses to paragraphs "1" through "97" of the complaint, inclusive, as if set forth fully herein.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Defendants repeat and reallege their responses to paragraphs "1" through "102" of the complaint, inclusive, as if set forth fully herein.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Defendants repeat and reallege their responses to paragraphs "1" through "107" of the complaint, inclusive, as if set forth fully herein.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

113. Defendants repeat and reallege their responses to paragraphs "1" through "112" of the complaint, inclusive, as if set forth fully herein.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny the allegations set forth in paragraph "115" of the complaint.

116. Deny the allegations set forth in paragraph "116" of the complaint.

117. Deny the allegations set forth in paragraph "117" of the complaint.

118. Defendants repeat and reallege their responses to paragraphs "1" through "117" of the complaint, inclusive, as if set forth fully herein.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. Deny the allegations set forth in paragraph "120" of the complaint.

121. Deny the allegations set forth in paragraph "121" of the complaint.

122. Deny the allegations set forth in paragraph "122" of the complaint.

123. Defendants repeat and reallege their responses to paragraphs "1" through "122" of the complaint, inclusive, as if set forth fully herein.

124. Deny the allegations set forth in paragraph "124" of the complaint.

125. Deny the allegations set forth in paragraph "125" of the complaint.

126. Deny the allegations set forth in paragraph "126" of the complaint.

127. Deny the allegations set forth in paragraph "127" of the complaint.

128. Defendants repeat and reallege their responses to paragraphs "1" through "127" of the complaint, inclusive, as if set forth fully herein.

129. Deny the allegations set forth in paragraph "129" of the complaint.

130. Deny the allegations set forth in paragraph "130" of the complaint.

131. Deny the allegations set forth in paragraph "131" of the complaint.

132. Deny the allegations set forth in paragraph "132" of the complaint.

133. Deny the allegations set forth in paragraph "133" of the complaint.

134. Deny the allegations set forth in paragraph "134" of the complaint.

135. Deny the allegations set forth in paragraph "135" of the complaint.

136. Deny the allegations set forth in paragraph "136" of the complaint.

137. Defendants repeat and reallege their responses to paragraphs "1" through "136" of the complaint, inclusive, as if set forth fully herein.

138. Deny the allegations set forth in paragraph "138" of the complaint.

139. Deny the allegations set forth in paragraph "139" of the complaint.

140. Deny the allegations set forth in paragraph "140" of the complaint.

141. Deny the allegations set forth in paragraph "141" of the complaint.

## FOR A FIRST DEFENSE:

The individually named defendants are immune from liability under the doctrine of qualified immunity.

## FOR A SECOND DEFENSE:

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States of the State of New York or any political subdivision thereof.

## FOR A THIRD DEFENSE:

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory behavior.

## FOR A FOURTH DEFENSE:

Plaintiff's claims are barred, in part, by the statute of limitations.

## FOR A FIFTH DEFENSE:

The individually named defendants are not subject to suit under Title VII or the Americans With Disabilities Act.

**FOR A SIXTH DEFENSE:**

Any injuries alleged in the complaint were caused in whole or in part by plaintiff's culpable or negligent conduct.

**FOR A SEVENTH DEFENSE:**

Plaintiff has failed to comply with the Notice of Claim Requirement of the New York General Municipal Law.

**FOR AN EIGHTH DEFENSE:**

The City of New York Fire Department and New York City Department of Citywide Administrative Services are not suable entities.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
                January 31, 2005

                                     MICHAEL A. CARDOZO
                                     Corporation Counsel of the
                                       City of New York
                                     Attorney for Defendants
                                     100 Church Street, Room 2-112
                                     New York, New York 10007
                                     (212) 788-8682

                                     By: Phyllis Calistro
                                     Senior Counsel
                                     (PC5527)

10

AFFIRMATION OF SERVICE


I, Phyllis Calistro, an attorney licensed by the State of New York, employed by the New York City Law Department, hereby swear that, on February 1, 2005 I caused service of the foregoing Answer in <u>Marianne Pizzitola v. City of New York</u>, 04 Civ. 4801 on her attorney, Matthew Conroy, by depositing a copy of same into a U.S. Postal Service mailbox, enclosed in an envelope addressed to BELESI, DONOVAN and CONROY, 1225 Franklin Avenue Garden City, N.Y. 11530, that being the address provided in the Complaint.

DATED:  February 1, 2005



PHYLLIS CALISTRO (PC 5527)

11