UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIANNE PIZZITOLA

                         Plaintiff,

              -against-

THE CITY OF NEWYORK FIRE DEPARTMENT,
CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES, NICHOLAS SCOPPETTA, FRANK
CRUTHERS, ROBERT MCCRACKEN, JERRY
GOMBO AND JAMES BASILE

                       Defendants.
------------------------------------------------------------X

**REVISED PROPOSED
PRETRIAL ORDER**
04 Civ. 4801 (ILG) (CLP)

## TRIAL COUNSEL

Matthew Conroy, Esq.
Belesi & Conroy, PC.
Counsel of the

Attorney for Plaintiff
1225 Franklin Ave., Suite 400
Garden City, NY 11530
Phone: (516) 248-2929
Fax: (516) 248-1765

Phyllis G. Calistro
Assistant Corporation

City of New York
Attorney for Defendants
100 Church St., Rm. 2-112
New York, NY 10007
Phone: (212) 788-8682
Fax: (212) 788-8877

## JURISDICTION

1. Plaintiff asserts subject-matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 (a)(3) and (a)(4) and 42 U.S.C. §1983 which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress affording the protection of civil rights; (ii) under 42 U.S.C. §2000e et seq.; and (iii) under 42 U.S.C. §12101 et seq.

2. Defendants do not dispute the above.

3. This Court has supplemental jurisdiction over the Plaintiff's New York state law claims under 28 U.S.C. §1367(a), since Plaintiff's federal and state law claims arise from a common nucleus of operative facts and are so intertwined as to make the existence of supplemental jurisdiction over the state law claims appropriate.

Defendants dispute that this Court has jurisdiction over plaintiff's state law claim for intentional infliction of emotional distress in that plaintiff did not file a Notice of Claim against the City of New York, as required under the New York General Municipal Law.

## CLAIMS FOR RELIEF

### Gender Discrimination

4. Defendants have discriminated against the Plaintiff in terms and conditions of her employment on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

5. Defendants have discriminated against the Plaintiff in the terms and condition of her employment on the basis of her gender in violation of New York State Human Rights Law, N.Y. Executive Law §§290 *et seq*. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

6. Defendants have discriminated against the Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of Administrative Code of the

City of New York, N.Y.C. Admin Code §§8-101 *et seq*. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

**Defense:**

Defendants have not discriminated against plaintiff in the terms and conditions of her employment, on the basis of her gender. All Defendants' decisions were based on legitimate business reasons, and plaintiff has experienced no adverse employment action under 42 U.S.C. Title VII, the State Executive Law or the New York City Administrative Code.
Defendant City of New York has an effective complaint procedure in place to prevent and/or remedy any discriminatory conduct on the part of its employees, and therefore cannot be held liable under title VII for conduct of its individual employees.
Defendants Scoppetta, Cruthers, McCracken, Gombo and Basile, as individual employees, cannot be held liable under Title VII.

### Hostile Work Environment

7. Defendants have discriminated against the Plaintiff by creating, permitting and maintaining a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

8. Defendants have discriminated against the Plaintiff by creating, permitting and maintaining a hostile work environment in violation of New York State Human Rights Law, N.Y. Executive Law §§290 *et seq*. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

9. Defendants have discriminated against the Plaintiff by creating, permitting and maintaining a hostile work environment in violation of Administrative Code of the City of New York, N.Y.C. Admin.Code §§8-101 et seq. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

**Defense:**

The atmosphere in which plaintiff worked was not permeated with demeaning or disparaging conduct or remarks so as to rise to the level of severe or pervasive, or to change the terms and conditions of plaintiff's employment. Plaintiff worked in a prestigious position as a Chief's Aide and was expected to respect the rank structure, the New York City Fire Department Operating Guide provisions, and the discretion afforded Chief Basile as her superior.

Defendant City of New York has an effective complaint procedure in place to prevent and/or remedy any discriminatory conduct or hostile atmosphere on the part of its employees, and therefore cannot be held liable under title VII for conduct of its individual employees.
None of the individually named defendants may be held liable under Title VII.

**Retaliation**

10. Defendants have retaliated against the Plaintiff for having complained of gender discrimination in the terms and conditions of her employment and having complained of a "hostile work environment" in violation of Section 704 of Title VII (42 U.S.C. §2000e(3)). As a result, Plaintiff has suffered substantial financial losses and mental

distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

11. Defendants have retaliated against the Plaintiff for having complained of gender discrimination in the terms and conditions of her employment and having complained of a "hostile work environment" in violation of NYHRL §296(7). As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

12. Defendants have retaliated against the Plaintiff for having complained of gender discrimination in the terms and conditions of her employment and having complained of a "hostile work environment" in violation of the Administrative Code of the City of New York §8-107(7). As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

Defense:
    Plaintiff experienced no employment action that could be remotely characterized as adverse or negative, as a result of any protected activity. Plaintiff did not have a good faith belief that any wrongful or illegal conduct had, in fact, taken place with respect to the matters of which she complained.
    Defendant City of New York has an effective complaint procedure in place to prevent and/or remedy any discriminatory or retaliatory conduct on the part of its employees, and therefore cannot be held liable under title VII for conduct of its individual employees.
None of the individually named defendants may be held liable under Title VII.

**Deprivation of Protection under the American with Disabilities Act of 1990**

13. Defendants was engaging in conduct in violation of 42 U.S.C. 12101 depriving the Plaintiff of the protections afforded by the Americans with Disabilities Act of 1990. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

**Defense**:
Plaintiff was, at all relevant times, unable to perform the essential functions of the job of an Emergency Medical Technician, which was her job title, and which is defined by New York Civil Service Law. Therefore, plaintiff is not entitled to the protections of the Americans with Disabilities Act ("ADA"), and as such, was not entitled to a reasonable accommodation under the ADA. Rather, plaintiff was entitled to disability retirement from the FDNY, which she was granted and currently enjoys.

Defendant City of New York has an effective complaint procedure in place to prevent and/or remedy any discriminatory or retaliatory conduct on the part of its employees, and therefore cannot be held liable under the ADA for conduct of its individual employees.

None of the individually named defendants may be held liable under the ADA.

### Violation of Equal Protection

14. Defendants, acting under color of state law, violated the Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution and the rights and privileges afforded by 42 U.S.C. §1983. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

**Defense**:

Plaintiff has experienced no violation of Equal Protection under the Fourteenth Amendment to the United States Constitution.
The City does not have a pattern and practice or policy, and therefore plaintiff could not have suffered any damage as a result of any City practice or policy, which is in violation of the Equal Protection Clause of the Fourteenth Amendment.

All of the individually named defendants are immune from liability under 42 U.S.C. Section 1983, under the doctrine of Qualified Immunity.

### **Intentional Infliction of Emotional Distress against Basile**

15. Defendant Basile has intentionally engaged in extreme and outrageous conduct in his treatment of the Plaintiff. [Ruggiero v. Contemporary Shells, 160 A.D.2d 986, 987, (2nd Dept 1990); *see also* Freihofer v. Hearst Corp., 65 N.Y.2d 135, 143 (1985)]. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

**Defense**:
Plaintiff has not filed a Notice of Claim against the City of New York, as required by the New York General Municipal Law, and therefore plaintiff cannot assert this claim.

### **TRIAL FORMAT**

Plaintiff has demanded a jury trial and expects the trial to require three days.
Defendants expects their case to require one day.

Dated: July 28, 2006
Garden, City, New York

| | |
|---|---|
| The Plaintiff,<br>Marianne Pizzitola<br>By her attorney,<br><br>*[signature]*<br>Matthew J. Conroy (MC9014)<br>BELESI & CONROY, P.C. | The Defendants<br>The City of New York Fire Dept.,<br>City of New York, New York City<br>Dept. of Citywide Administrative<br>Services, Nicholas Scoppetta, Frank<br>Cruthers, Robert McCracken, Jerry<br>Gombo and James Basile<br>         By their<br>attorney, Michael A. Cardozo,<br>Corporation Counsel of the City of<br>New York |

1225 Franklin Avenue – Suite 400
Garden City, NY 11530
(516) 248-2929

By: Phyllis Calistro (PC5527)
Assistant Corporation Counsel of the
  City of New York
100 Church St., Rm 2-112
New York, NY 10007
(212) 788-8682