UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIANNE PIZZITOLA

                    Plaintiff,

         -against-

THE CITY OF NEWYORK FIRE DEPARTMENT,
CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CITYWIDE ADMINISTRATIVE
SERVICES, NICHOLAS SCOPPETTA, FRANK
CRUTHERS, ROBERT MCCRACKEN, JERRY
GOMBO AND JAMES BASILE

                 Defendants.
------------------------------------------------------------X

**REVISED PROPOSED
PRETRIAL ORDER**
04 Civ. 4801 (ILG) (JO)

## 2. TRIAL COUNSEL

Matthew Conroy, Esq.
Belesi & Conroy, PC.
Counsel of the

Attorney for Plaintiff
1225 Franklin Ave., Suite 400
Garden City, NY 11530
Phone: (516) 248-2929
Fax: (516) 248-1765

Phyllis  G. Calistro
Assistant Corporation

City of New York
Attorney for Defendants
100 Church St., Rm. 2-112
New York, NY 10007
Phone: (212) 788-8682
Fax: (212) 788-8877

## 3. JURISDICTION

1. Plaintiff asserts subject-matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343

   (a)(3) and (a)(4) and 42 U.S.C. §1983 which confer original jurisdiction upon this

   Court in a civil action to recover damages or to secure equitable relief (i) under any

   Act of Congress affording the protection of civil rights; (ii) under 42 U.S.C. §2000e

   et seq.; and (iii) under 42 U.S.C. §12101 et seq.

2. Defendants do not dispute the above.

3.  This Court has supplemental jurisdiction over the Plaintiff's New York state law

    claims under 28 U.S.C. §1367(a), since Plaintiff's federal and state law claims arise

    from a common nucleus of operative facts and are so intertwined as to make the

    existence of supplemental jurisdiction over the state law claims appropriate.

Defendants dispute that this Court has jurisdiction over plaintiff's state law claim for
intentional infliction of emotional distress in that plaintiff did not file a Notice of Claim
against the City of New York, as required under the New York General Municipal Law.

## 4. CLAIMS FOR RELIEF

### Gender Discrimination

4.  Defendants have discriminated against the Plaintiff in terms and conditions of her

    employment on the basis of her gender in violation of Title VII of the Civil Rights

    Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. As a result, Plaintiff has suffered

    substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an

    award of punitive damages, compensatory damages, expenses and attorneys fees from

    Defendants in an amount to be determined at trial.

5.  Defendants have discriminated against the Plaintiff in the terms and condition of her

    employment on the basis of her gender in violation of New York State Human Rights

    Law, N.Y. Executive Law §§290 *et seq*. As a result, Plaintiff has suffered substantial

    financial losses and mental distress. Therefore, Plaintiff is entitled to an award of

    punitive damages, compensatory damages, expenses and attorneys fees from

    Defendants in an amount to be determined at trial.

6.  Defendants have discriminated against the Plaintiff in the terms and conditions of her

    employment on the basis of her gender in violation of Administrative Code of the

City of New York, N.Y.C. Admin Code §§8-101 *et seq*. As a result, Plaintiff has

suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled

to an award of punitive damages, compensatory damages, expenses and attorneys fees

from Defendants in an amount to be determined at trial.

**Defense:**

Defendants have not discriminated against plaintiff in the terms and conditions of her
employment, on the basis of her gender.  All Defendants' decisions were based on
legitimate business reasons, and plaintiff has experienced no adverse employment action
under 42 U.S. C. Title VII, the State Executive Law or the New York City Administrative
Code.
Defendant City of New York has an effective complaint procedure in place to prevent
and/or remedy any discriminatory conduct on the part of its employees, and therefore
cannot be held liable under title VII for conduct of its individual employees.
Defendants Scoppetta, Cruthers, McCracken, Gombo and Basile, as individual
employees, cannot be held liable under Title VII.
Defendants Scoppetta, Cruthers and McCracken had no personal involvement with
plaintiff and therefore cannot be held liable.
Defendants New York City Fire Department ("FDNY") and Department of Citywide
Administrative Services ("DCAS") are not suable entities.  DCAS had no involvement
with any facts relating to plaintiff's claims.

### Hostile Work Environment

7.  Defendants have discriminated against the Plaintiff by creating, permitting and

maintaining a hostile work environment in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. As a result, Plaintiff has suffered

substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an

award of punitive damages, compensatory damages, expenses and attorneys fees from

Defendants in an amount to be determined at trial.

8.  Defendants have discriminated against the Plaintiff by creating, permitting and

maintaining a hostile work environment in violation of New York State Human

Rights Law, N.Y. Executive Law §§290 *et seq*. As a result, Plaintiff has suffered

substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

9. Defendants have discriminated against the Plaintiff by creating, permitting and maintaining a hostile work environment in violation of Administrative Code of the City of New York, N.Y.C. Admin.Code §§8-101 et seq. As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

**Defense:**

The atmosphere in which plaintiff worked was not permeated with demeaning or disparaging conduct or remarks so as to rise to the level of severe or pervasive, or to change the terms and conditions of plaintiff's employment.  Plaintiff worked in a prestigious position as a Chief's Aide and was expected to respect the rank structure, the New York City Fire Department Operating Guide provisions, and the discretion afforded Chief Basile as her superior.

Defendant City of New York has an effective complaint procedure in place to prevent and/or remedy any discriminatory conduct or hostile atmosphere on the part of its employees, and therefore cannot be held liable under title VII for conduct of its individual employees.
None of the individually named defendants may be held liable under Title VII.
Defendants Scoppetta, Cruthers and McCracken had no personal involvement with plaintiff and therefore cannot be held liable.
Defendants FDNY and DCAS are not suable entities.  DCAS had no involvement with any facts relating to plaintiff's claims.

## **Retaliation**

10. Defendants have retaliated against the Plaintiff for having complained of gender discrimination in the terms and conditions of her employment and having complained of a "hostile work environment" in violation of Section 704 of Title VII (42 U.S.C. §2000e(3)). As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

11. Defendants have retaliated against the Plaintiff for having complained of gender discrimination in the terms and conditions of her employment and having complained of a "hostile work environment" in violation of NYHRL §296(7). As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

12. Defendants have retaliated against the Plaintiff for having complained of gender discrimination in the terms and conditions of her employment and having complained of a "hostile work environment" in violation of the Administrative Code of the City of New York §8-107(7). As a result, Plaintiff has suffered substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendants in an amount to be determined at trial.

Defense:

Plaintiff experienced no employment action that could be remotely characterized as adverse or negative, as a result of any protected activity.  Plaintiff did not have a good faith belief that any wrongful or illegal conduct had, in fact, taken place with respect to

the matters of which she complained.

Defendant City of New York has an effective complaint procedure in place to prevent and/or remedy any discriminatory or retaliatory conduct on the part of its employees, and therefore cannot be held liable under title VII for conduct of its individual employees.

None of the individually named defendants may be held liable under Title VII.

Defendants Scoppetta, Cruthers and McCracken had no personal involvement with plaintiff and therefore cannot be held liable.

Defendants FDNY and DCAS are not suable entitlies.  DCAS had no involvement with plaintiff's claims.

### Deprivation of Protection under the American with Disabilities Act of 1990

13. Defendants were engaging in conduct in violation of 42 U.S.C. 12101 depriving the

Plaintiff of the protections afforded by the Americans with Disabilities Act of 1990.

As a result, Plaintiff has suffered substantial financial losses and mental distress.

Therefore, Plaintiff is entitled to an award of punitive damages, compensatory

damages, expenses and attorneys fees from Defendants in an amount to be

determined at trial.

**Defense**:

Plaintiff was, at all relevant times, unable to perform the essential functions of the job of an Emergency Medical Technician, which was her job title, and which is defined by New York Civil Service Law.  Therefore, plaintiff is not entitled to the protections of the Americans with Disabilities Act ("ADA"), and as such, was not entitled to a reasonable accommodation under the ADA.  Rather, plaintiff was entitled to disability retirement from the FDNY, which she was granted and currently enjoys.

Plaintiff has been deemed disabled from any employment in the United States by the Social Security Administration and currently collects Social Security Disability payments.  Therefore, during the relevant time period she was not able to perform the essential functions of any position at the FDNY.

Defendant City of New York has an effective complaint procedure in place to prevent and/or remedy any discriminatory or retaliatory conduct on the part of its employees, and therefore cannot be held liable under the ADA for conduct of its individual employees.

None of the individually named defendants may be held liable under the ADA.

Defendants Scoppetta, Cruthers and McCracken had no personal involvement with plaintiff and therefore cannot be held liable.

Defendants FDNY and DCAS are not suable entities.  DCAS had no involvement with plaintiff's claims.

## Violation of Equal Protection

14. Defendants, acting under color of state law, violated the Plaintiff's right to equal

    protection under the Fourteenth Amendment to the United States Constitution and the

    rights and privileges afforded by 42 U.S.C. §1983. As a result, Plaintiff has suffered

    substantial financial losses and mental distress. Therefore, Plaintiff is entitled to an

    award of punitive damages, compensatory damages, expenses and attorneys fees from

    Defendants in an amount to be determined at trial.

**Defense**:

Plaintiff has experienced no violation of Equal Protection under the Fourteenth
Amendment to the United States Constitution.
The City does not have a pattern and practice or policy, and therefore plaintiff could not
have suffered any damage as a result of any City practice or policy, which is in violation
of the Equal Protection Clause of the Fourteenth Amendment.
All of the individually named defendants are immune from liability under 42 U.S.C.
Section 1983, under the doctrine of Qualified Immunity.
Defendants Scoppetta, Cruthers and McCracken had no personal involvement with
plaintiff and therefore cannot be held liable.
Defendants FDNY and DCAS are not suable entities.
DCAS had no involvement with plaintiff's claims.

## Intentional Infliction of Emotional Distress against Basile

15. Defendant Basile has intentionally engaged in extreme and outrageous conduct in his

    treatment of the Plaintiff. [Ruggiero v. Contemporary Shells, 160 A.D.2d 986, 987,

    (2nd Dept 1990); *see also* Freihofer v. Hearst Corp., 65 N.Y.2d 135, 143 (1985)]. As a

    result, Plaintiff has suffered substantial financial losses and mental distress.

    Therefore, Plaintiff is entitled to an award of punitive damages, compensatory

    damages, expenses and attorneys fees from Defendants in an amount to be

    determined at trial.

**Defense**:
 Plaintiff has not filed a Notice of Claim against the City of New York, as required by the New York General Municipal Law, and therefore plaintiff cannot assert this claim.

## 5. TRIAL FORMAT

Plaintiff has demanded a jury trial and expects the trial to require three days.  Defendants expect their case to require one day.

## 6. STIPULATIONS OR AGREED STATEMENT OF FACT OR LAW

a.      The Plaintiff was employed by the Fire Department of the City of New York as an Emergency Medical Technician from March 11, 1996 until December 18, 2003.

## 7.  WITNESSES:

Plaintiff:

a.   Fact Witnesses

Marianne Pizzitola – in person
James Martin – in person
James Basile – in person
Lorraine Pirillo – in person
Louis Cook – in person
Jerry Gombo – in person
Rene Sanchez – in person
William Torrez – in person
Ron Pfeffer – in person
Diane Bodoni – in person
Douglas White – in person
Richard Zarillo – in prson
James Sabol – in person
Yvette Montalvo – in person
Len Poletta – in person
Heather Pool – in person

b. Expert Witnesses

William A. Eber, CPA/ABV – in person

Defendants:
    All defense witness will be called in person.

    James Basile
    Lorraine Pirillo
    Louis Cook
    Diane Bodoni
    Jerry Gombo
    Ronald Pfeffer
    Paulette Lundy
    Gwendolyn Moore
    April Tucker
    Lai Sun Yee
    Jay Swithers
    Rene Sanchez
    Michael Regan
    William Feehan
    Richard Zarillo

Defendants reserve the right to call any of plaintiff's witnesses.

## 8. DEPOSITIONS

The parties do not anticipate using deposition testimony

## 9. EXHIBITS:

Plaintiff:
1.      EEO Telephone Intake dated 04/19/01
2.      EEO Investigator Sanchez's notes from 04/20/01 meeting
3.      EEO Investigator Sanchez's notes from 05/10/01
4.      Complaint of Discrimination dated 05/22/01
5.      Letter from Commissioner Yee dated 06/13/01
6.      Reassignment request dated 05/10/01
7.      Notice of Complaint dated 07/10/01 from EEO Investigator Torres
8.      Letter from Michael Regan dated 10/25/01
9.      Letter from Kerry Kelly, M.D. dated 06/22/01
10.     Request for Reasonable Accommodation dated 02/26/03
11.     Memorandum from Heather Pool dated 07/17/03
12.     Memorandum from Heather Pool dated 08/21/03
13.     Memorandum from Heather Pool dated 08/28/03
14.     Report of Operation dated 02/24/03 from Good Samaritan Hospital
15.     Report of Operation dated 02/12/03 from Good Samaritan Hospital
16.     Letter from Kerry Kelly dated 08/11/03
17.     Report of Operation dated 12/07/00 from Good Samaritan Hospital
18.     Supervisor's Report of Occupational Accident dated 05/22/99

9

19.   Letter dated 11/19/03 from David Koretz, M.D.
20.   Letter from Douglas H. White dated 05/20/03
21.   Letter from Marianne Pizzitola dated 06/06/03
22.   Letter from Douglas H. White dated 07/09/03
23.   Memorandum from Marianne Pizzitola dated 03/26/03
24.   Verified Complaint dated 07/02/01
25.   Verified Complaint dated 12/18/03
26.   Notice of Right to Sue Letter dated 08/10/04
27.   Notice of Right to Sue Letter dated 08/10/04
28.   Notice of Right to Sue Letter dated 08/10/04
29.   Memorandum of Marianne Pizzitola bearing CCHR rec'd 09/13/02
30.   Letter dated 11/05/01 from Lai-Sun Yee


Defendants:

A. FDNY EEO Policy
B. Electronic Mail   Re: *Problems Parking Around Metrotech*  (Bates stamp PIZ326)
C. Plaintiff's application for Social Security Disability Benefits
D. Operating Guide Procedure: Re: Grooming
E. Electronic Mail   To: Gwen Moore From: plaintiff Re: Reasonable Accommodation *"RA"* dated 9/27/01
F. Letter from Michael Regan to plaintiff dated October 25, 2001  Re: Reasonable Accommodation
G. Letter from plaintiff to Gwendolyn Moore dated October 26, 2001 Re: Reasonable Accommodation
H. FDNY Employee Reasonable Accommodation Policy
I. Letter To Plaintiff From W. Feehan Re: Offer of Reasonable Accommodation dated August 31, 2001

Defendants Reserve the Right to Use Any of Plaintiff's Exhibits



Dated: September 19, 2006
Garden, City, New York

The Plaintiff,
Marianne Pizzitola
By her attorney,

_____
Matthew J. Conroy (MC9014)
BELESI & CONROY, P.C.


1225 Franklin Avenue – Suite 400
Garden City, NY 11530
(516) 248-2929

The Defendants
The City of New York Fire Dept.,
City of New York, New York City
Dept. of Citywide Administrative
Services, Nicholas Scoppetta, Frank
Cruthers, Robert McCracken, Jerry
Gombo and James Basile
                        By their
attorney, Michael A. Cardozo,
Corporation Counsel of the City of
New York


_____
By: Phyllis Calistro (PC5527)
Assistant Corporation Counsel of the
        City of New York
100 Church St., Rm 2-112
New York, NY 10007
(212) 788-8682