UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARIANNE PIZZITOLA,

                                                    Plaintiff,

                    -against-                                        04 CV 4801 (ILG) (JO)

CITY OF NEW YORK FIRE DEPARTMENT, et al,

                                                    Defendants.      **AFFIDAVIT OF PHYLLIS
                                                                    CALISTRO**_____
------------------------------------------------------------------------ x

PHYLLIS CALISTRO declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that

the following is true and correct:

        1.     I am a Senior Counsel in the office of MICHAEL A. CARDOZO,

Corporation Counsel of the City of New York, attorney for Defendants.  I am an attorney

admitted to practice before this Court.

        2.     I am fully familiar with the facts and circumstances in this action, and

submit this Affidavit in accordance with the Court's directive of January 24, 2007, in order to

explain why I did not request an adjournment of a conference scheduled for January 25[1], at least

48 hours in advance, in accordance with Judge Orenstein's individual rules of practice.

        3.     Beginning on January 22, 2007 I was on trial in Marchisotto v. City of

New York, et al (05 Civ. 2699(RLE).  Although the trial date had been scheduled months in

advance, I did not cancel the conference in this matter because in my experience, trials often do

not begin on the scheduled date and I did not want to reschedule the conference unnecessarily.

---

[1] Although the Order directing my submission of this Affidavit states that the conference was
originally scheduled for January 24, 2007, this is in error.  The conference was scheduled for
January 25, 2007.

4.     This trial, in particular had been rescheduled several times due to conflicting commitments of plaintiff's attorney, a solo practitioner.  Indeed, it was just this problem that led the parties to consent to try the case before Magistrate Judge Ellis, in the first place.  On Friday, January 19, 2007, as soon as I learned that the trial would, in fact, commence, I meant to speak to plaintiff's counsel, Matthew Conroy to attempt to obtain his consent for an adjournment.  I was in the office until late at night on Friday and then spent all weekend preparing the case for trial— including working in the office with no heat in the building, on Sunday, January 21, 2007.  I called Mr. Conroy on his cell phone on Monday but did not actually speak with him until Tuesday, January 23, 2007, while I was on a bus en route to the courthouse.  It was not possible for me to submit a letter that morning because I was due in Court at 9:00 a.m.   That evening I did not finish my trial preparation for the following day, until 8:30 p.m.  Because I have four small children it was not possible for me to remain in the office any later.  As soon as I got home that night of Tuesday, January 23, 2007 I telephoned Your Honor's chambers in the hope of leaving a message explaining that I was on trial and thereby informing the Court that I would not be able to appear two days later on the conference date.  Instead of my leaving a message, one of your staff answered the phone.  I explained the situation to him and he directed me to file a letter containing the information that I had provided.  I did so as soon as I was able, which was early the following morning.   Because I had related the information to one of your staff, notwithstanding that he directed me to file a letter,  I believed that I had at least put the Court on notice on Tuesday, that I could not appear on Thursday.

5.     The reason why I was forced to do so much preparation for the trial at the last minute is because my mother-in-law passed away on December 18, 2006, which resulted in my absence from the office for the remainder of that week.  In addition, on Friday,

January 12, 2007 one of my children was sent home from school with head lice.  This required me to spend the entire long weekend sanitizing my entire home and to painstakingly comb out her hair strand by strand, to insure that no eggs or "nits", remained.  On Tuesday, after the weekend, another one of my children was sent home with the condition, although he had been checked and (allegedly) did not have the condition on Friday.  This meant that I had to repeat the entire sanitization and comb-out process, with him.  As a result of this personal hardship, I fell significantly behind in my trial preparation which prevented me from being able to attend to issues on my other cases, such as this one.

6.      I apologize to the Court for any inconvenience this might have caused.


Dated:          New York, New York
                January 29, 2007

                                        _____
                                        PHYLLIS CALISTRO (PC5527)
                                        Senior Counsel